IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DESTINY J. ADAMS, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:23-cv-1482-S | |
| § | | |
| CHIME SOLUTIONS, INC., § | | |
| § | | |
| Defendant. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Destiny J. Adams filed a Motion for Default Judgment against Chime Solutions, Inc. *See* Dkt. No. 13.

United States District Judge Karen Gren Scholer has referred this motion to the undersigned magistrate judge. *See* Dkt. No. 15.

The undersigned now enters the following findings of fact, conclusions of law, and recommendation that the Court should grant Ms. Adams's motion for default judgment.

## Background

This case concerns Ms. Adams's discrimination and discriminatory discharge claims against her former employer, Chime. *See* Dkt. No. 1.

Ms. Adams worked as a Customer Service Representative at Chime's Dallas location between October 12, 2020, and December 22, 2020. *See id.* ¶ 7. On or around November 16, 2020, Ms. Adams reached out to her supervisor, Timothy Rudd ("Mr. Rudd"), and a Human Resources employee, Lynn Broxton ("Ms. Broxton"), to initiate

her request for maternity leave. *See id.* ¶ 8. Mr. Rudd responded that he would follow up with Human Resources about the requirements for maternity leave and get back to her. *See id.* ¶ 9. The next day, Ms. Adams informed Mr. Rudd that her doctor expected her baby to arrive earlier than her due date. *See id.* ¶ 10.

On December 4, 2020, Ms. Adams texted Mr. Rudd that she was in labor and that her boyfriend would call him later with an update. *See id.* ¶ 11. In response, Mr. Rudd sent a screenshot of the call-out line's telephone number. *See id.* ¶ 12.

On December 8, 2020, Ms. Adams sent the paperwork for her maternity leave to Human Resources. *See id.* ¶ 14. Ms. Adams also communicated with Mr. Rudd through several email correspondences, discussing questions regarding the attendance line and catching up on missed training. *See id.* ¶¶ 15-18.

On December 23, 2020, Ms. Adams received a voicemail from Ms. Broxton informing her that her employment had been terminated. *See id.* ¶ 24. After receiving Ms. Broxton's voicemail, Ms. Adams continued to email Mr. Rudd, asking about new projects, her ADP account's status, her approval for maternity leave, and her concerns regarding her employment status. *See id.* ¶¶ 19-22. While Mr. Rudd responded to her emails concerning new projects and her ADP account, he did not respond to her emails concerning the approval of her maternity leave or her employment concerns. *See id.* ¶¶ 22-23.

In 2023, Ms. Adams filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Texas Workforce Commission. *See id.* ¶ 25.

The EEOC found reasonable cause to believe there was a violation and issued a Right to Sue on the Charge on April 17, 2023. *See id.* ¶¶ 25, 27.

On June 24, 2022, Chime's registration with the Texas Secretary of State was forfeited for failure to pay taxes. *See* Dkt. No. 13 at 2.

On July 5, 2023, Ms. Adams filed this lawsuit against Chime for discrimination and discriminatory discharge based on her sex. *See* Dkt. No. 1.

On July 6, 2023, Ms. Adams's counsel used a third-party process server to deliver the Original Complaint, Summons, and Waivers of Service to Ms. Wilson, a director at Chime and the registered agent, at Chime's principal place of business in Georgia. *See* Dkt. No. 13 at 2. But, due to issues with the form, the summons was served improperly. *See* Dkt. No. 5.

After the court granted Ms. Adams's request for an extension to serve Chime, Ms. Adams's counsel used a third-party process server to deliver a correct copy of the summons and complaint to Chime's principal place of business on October 17, 2023. *See* Dkt. No. 8. The return of service was filed with the court on December 21, 2023. *See id.*

And Chime has failed to file a responsive pleading or motion by the deadline set forth under Federal Rule of Civil Procedure 12 or at any point to date. *See* Dkt. 13 at 3.

On February 9, 2024, the clerk entered a Federal Rule of Civil Procedure 55(a) default against Chime. *See id.*

Ms. Adams then moved for a default judgment on her discrimination and

discriminatory discharge claims against Chime, seeking damages, attorneys' fees and costs, and post-judgment interest totaling $34,480.00 in damages and $9,189.50 in fees and costs, for a total of $43,669.50, plus interest. *See* Dkt. No. 1 ¶¶ 29-46; *see also* Dkt. No. 13 at 10-15.

Chime has not appeared or responded to the Motion for Default Judgment, and its time to do so under the Local Civil Rules has passed.

The undersigned now concludes that Ms. Adams is entitled to entry of a default judgment and that damages should be determined in a future hearing.

## Legal Standards

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* Fed. R. Civ. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1)

default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable

neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

I. <u>The Court has subject matter jurisdiction and personal jurisdiction.</u>

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this claim concerns sex discrimination and discriminatory discharge, which is a Title VII violation. *See* Dkt. No. 1. And, so, the Court has federal question jurisdiction over this matter.

The Court has personal jurisdiction because Ms. Adams is a Dallas County resident, and, while Chime is a nonresident company, it "d[id] business" in Texas, the instant suit "arise[s] out of" or is "relate[d] to" Chime's business in Texas, and this judgment "does not offend traditional notions of fair play and substantial justice." TEX. CIV. PRAC. & REM. CODE § 17.042; *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (citations omitted); *see* Dkt. No. 1 ¶ 1-2.

Under Texas law, the "Texas long-arm statute extends to the limits of federal due process." *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Chime is a nonresident corporation organized under Georgia state law, with its principal place of business located in Georgia. *See* Dkt. No. 1 ¶ 2. But Chime did business in Texas and maintained its registration with the Texas Secretary of State until it forfeited its registration on June 24, 2022, for failure to pay taxes. *See* Dkt. No. 13 at 2. As such, while Chime is a nonresident defendant, it established contacts with Texas through its business, and Ms. Adams's discrimination claims arise from Chime's actions in Dallas, such that the exercise of jurisdiction is justified. And, so, the Court has personal jurisdiction over Ms. Adams and Chime.

II.  <u>The procedural requirements for default judgment have been met.</u>

Ms. Adams has satisfied the requirements for an entry of default judgment in her favor.

Ms. Adams properly served Chime with the summons and complaint on October 17, 2023, and the executed summons was filed with this court on December

21, 2023. *See* Dkt. 8.

Chime has failed to respond or appear at any point in this matter. *See* Dkt. No. 13 at 2-3.

As a business entity, Chime is not a minor, an incompetent person, a member of the military, or subject to the Soldiers and Sailors Relief Act of 1940. *See* Dkt. No. 1 ¶ 2.

The Clerk of the Court made a Rule 55(a) entry of default against Chime on February 9, 2024. *See* Dkt. No. 13 at 3.

Chime was not provided with notice of the application for default judgment because it has not appeared or responded throughout this action. *See id.*

Ms. Adams has met the procedural requirements for default judgment.

III. <u>The sufficiency of the pleadings supports the motion for default judgment.</u>

The Court should grant default judgment on Ms. Adams's Title VII claims for sex and employment discrimination against Chime because Ms. Adams's discrimination complaint was sufficiently pleaded under Federal Rule of Civil Procedure 8.

To grant a default judgment, the Court must first consider whether there is a sufficient basis in the pleadings for the default judgment under Rule 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496-98 (5th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 505 F.2d 1200, 1206 (5th Cir. 1975)).

Under Title VII, an employer may not "limit, segregate, or classify his employees ... or discharge ... or otherwise discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1), (2). Under this statute, the terms "because of sex" or "on the basis of sex" include, but are not limited to, "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C.A. § 2000e(k).

A plaintiff may establish a claim for an unlawful employment practice when she demonstrates that her protected status, such as "race, color, religion, sex, or national origin was a motivating factor for any employment practice," even if other factors also influenced the practice. 42 U.S.C.A. § 2000e-2(m). Unlawful employment practices can be demonstrated through "direct or circumstantial evidence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

The Court assumes the validity of the facts asserted by the plaintiff against the defaulting defendant. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). And, so, Chime admits to the truth of Ms. Adams's well-pleaded allegations by its default. *See Kobos v. BeyondTrust, Inc.*, No. 3:20-cv-3488-K, 2021 WL 5404669 (N.D. Tex. Nov. 1, 2021), *rep. & rec. adopted*, 2021 WL 5399845 (N.D. Tex. Nov. 18, 2021), *vacated on other grounds*, 2021 WL 5629147 (N.D. Tex. Nov. 30, 2021).

To determine whether a complaint is "well-pleaded" and provides "requisite notice," the Court turns to Rule 8, which defines the requirements of a complaint. *Wooten*, 788 F.3d at 496. Under Rule 8(a)(2), a pleading must contain a "short and plain statement," demonstrating the pleader's entitlement to relief. FED. R. CIV. P. 8(a)(2). The pleading must also identify the relief sought. *See id.* The factual

allegations must be "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true," and contain "sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *See Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 639 (2009).

Ms. Adams's complaint contains detailed statements and explanations of the alleged facts, which exceed the pleading requirements under Rule 8(a)(1). *See* Dkt. No. 1. Chime's failure to approve her maternity requests – despite Ms. Adams's multiple requests – and subsequent termination of her employment sufficiently alleges a violation of Title VII. *See* 42 U.S.C.A. § 2000e-2(m); *see also* Dkt. No. 1 ¶ 21, 24. Based on the short period between childbirth and her discharge and Chime's refusal to approve her maternity request, Ms. Adams has pleaded sufficient facts from which a trier of fact could infer that her pregnancy likely motivated her discharge. *See* 42 U.S.C.A. § 2000e-2(m). And Chime has not provided any reason for Ms. Adams's termination. *See* Dkt. 13.

Based on the facts alleged, Ms. Adams's Title VII violation claims sufficiently raise a plausible issue and a right to relief "above the speculative level." *Twombly*, 550 U.S. 544, 555; *Iqbal*, 556 U.S. 662, 639.

And, so, Ms. Adams has satisfied the first requirement to grant a motion for default judgment.

IV. <u>The additional factors support the motion for default judgment.</u>

Before entering a default judgment, a court should consider any relevant

factors. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Those factors may include: "whether there is a material issue of fact, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *See id.*

i. <u>Whether there is a material issue of fact.</u>

Since Chime is in default – and has not submitted any responsive pleadings or motions – Chime has admitted to Ms. Adams's well-pleaded allegations of fact. *See Kobos*, No. 3:20-CV-3488-K, 2021 WL 5404669, at *1; *see also* Dkt. No. 1; *see also* Dkt. No. 13 at 1-3. And, so, there are no material issues of fact. Rather, Ms. Adams has alleged sufficient facts showing that Chime took adverse employment actions against her, including the termination of her employment shortly after her request for maternity leave and childbirth. *See* Dkt. No. 1; *see also* Dkt. No. 13 at 1-3. Ms. Adams also identified the causal link between her sex and the termination of her employment – it was only after she gave birth and attempted to apply for maternity leave that Ms. Broxton left her a voicemail informing Ms. Adams of the termination of her employment and Mr. Rudd stopped communicating with her. *See* Dkt. No. 1 ¶ 21-22.

ii. <u>Whether there was substantial prejudice.</u>

Chime has failed to respond to Ms. Adams's complaint and has neither appeared nor filed any pleadings, and there is no present indication that it intends to do so. *See* Dkt. No. 13 at 2-3. The Motion for Default Judgment has been on file for

months with no response. *See* Dkt. No. 13 at 2-4. This failure to respond impairs the adversarial process and prevents Ms. Adams from resolving her claims.

    iii.    <u>Whether the grounds for default are clearly established.</u>

The record indicates that Ms. Adams has conducted service on Chime and that Chime has declined to answer or otherwise respond. *See* Dkt. No. 13 at 2-3. The Clerk has entered default, and Ms. Adams filed this Motion for Default Judgment. *See* Dkt. No. 13 at 3.

Ms. Adams also filed a Charge of Discrimination with both the Equal Employment Opportunity Commission as well as the Texas Workforce Commission within 180 days after her discharge. *See* Dkt. 1 ¶ 25-27. The Equal Employment Opportunity Commission found reasonable cause to believe a violation of the statute occurred and issued a Right to Sue on April 17, 2023. *See id.* Ms. Adams satisfied her burden of exhausting her administrative remedies. *See id.*

There are clear grounds to grant the motion for default judgment against Chime.

    iv.    <u>Whether default was caused by good faith mistake or excusable neglect.</u>

There is no evidence of good faith mistake or excusable neglect for Chime's failure to respond. *See* Dkt. 1. Chime has failed to appear or otherwise respond to the claims brought in this case. *See id.* There is no evidence of a good faith mistake or excusable neglect.

    v.    <u>Whether a default judgment is too harsh.</u>

A motion for default judgment is not too extreme given the situation. Chime

had ample time to answer the complaint or file a Rule 12 motion, respond to the Clerk's entry of default, and respond to the Motion for Default Judgment. *See id.* Its failure to do so mitigates the harshness of a default judgment. And, so, a default judgment against Chime is not too harsh considering the facts alleged.

    vi.    <u>Whether the Court would feel obligated to set aside a default on the defendant's motion.</u>

An entry of default can be set aside if the defendant shows "good cause." FED. R. CIV. P. 55(c); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64. There is no showing of "good cause" that would obligate the court to set aside the default or a default judgment against Chime. Chime has failed to demonstrate any good cause because it has not responded or appeared to address the current case. *See* Dkt. No. 13 at 2-3. While Chime could bring a motion to set aside the default, it has failed to do so, and there are no signs that Chime intends to do so. *See id.* And, so, there is no basis to believe the Court would feel obligated to set aside the default.

All of the procedural requirements under Rule 55 are met here.

V.    <u>Ms. Adams is entitled to damages.</u>

Ms. Adams seeks to recover back pay, front pay, pre-judgment and post-judgment interest, compensatory damages, punitive damages, and attorneys' fees for Chime's discrimination and discriminatory discharge, in violation of Title VII.

On a default judgment, while a plaintiff's allegations are accepted as true, statements regarding damages are not. *See U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Unliquidated damages "normally are not awarded without an evidentiary hearing." *James v. Frame*, 6 F.3d

307, 310 (5th Cir. 1993). And a default judgment may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

In this case, the amount sought by Ms. Adams is not a "liquidated sum" or an amount "capable of mathematical calculation." *James*, 6 F.3d at 310.

The undersigned recommends that, if the Court accepts or adopts these findings, conclusions, and recommendation and grants Ms. Adams's Motion for Default Judgment concerning her sex discrimination and discriminatory discharge claims, the Court should re-refer to the undersigned the matter of making a recommendation on the amount of damages to be awarded following a hearing that the undersigned would order and conduct.

## Recommendation

The Court should grant Plaintiff's Motion for Default Judgment [Dkt. No. 13] and defer a determination as the damages to be awarded pending a future hearing that the undersigned will conduct if the Court accepts or adopts these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE